Filed 3/24/22  P. v. Sly CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER JOSEPH SLY,<br><br>        Defendant and Appellant. | E073972<br><br>(Super.Ct.No. FSB1203896)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Reversed.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorney Generals, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Lynne G. McGinnis, Marvin E. Mizell and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2016, defendant Christopher Sly pleaded guilty to one count of attempted murder. On February 29, 2019, defendant filed a petition for resentencing pursuant to former Penal Code section 1170.95[1] in the trial court based on the changes made to the murder statutes (petition) pursuant to Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 1, subd. (f), effective Jan. 1, 2019) (SB 1437). The petition was summarily denied by the trial court without a hearing finding that SB 1437 and former section 1170.95 were not applicable to attempted murder.

Defendant appealed the denial of his petition to this court. In an unpublished opinion *People v. Sly* (Dec. 2, 2020, E073972) [nonpub. opn.] (Opinion) we ruled that defendant was ineligible for sentencing under former section 1170.95 because he had pleaded guilty to attempted murder, not murder, and that attempted murder was not included in the statute. Defendant filed a petition for review, which was granted. While the case was pending review in the California Supreme Court, the Legislature passed Senate Bill No. 775 (Stats. 2021, c. 551, § 2, eff. Jan. 1, 2022) (SB 775), amending the provisions of section 1170.95 to make it applicable to persons convicted of attempted murder. On January 5, 2022, our Supreme Court remanded the matter to this court, and directed us to vacate our opinion and reconsider the cause in light of SB 775.

Defendant and the People filed supplemental briefs. Defendant argues that section 1170.95 applies to his conviction of attempted murder and remand to the trial court is required for further proceedings on the petition. The People concede that remand is

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

appropriate. We concur. We reverse the order denying defendant's petition, and remand the matter to the trial court with directions

## SUMMARY OF FACTS AND PLEA

As set forth in the Opinion, defendant was an active member of the Rolling 40s gang. On August 6, 2012, defendant was with his girlfriend, Amalia White, in her car. Defendant drove White's car to an apartment complex in San Bernardino and picked up Darrell Pratt, also known as Bosco, and Tydrick Carr, also known as Baby Beast. Carr was an active Rolling 30s gang member. Pratt and Carr advised defendant that someone had robbed Pratt's cousin down the street at the Woodridge Apartments and they wanted to look for the people who did it. Defendant drove them all to find the car they believed belonged to the perpetrators. Once they located the car, a white Chevy Caprice, they followed it to a nearby McDonald's restaurant and parked nearby waiting for them to leave the McDonalds. Defendant and the others also had Pratt's cousin and another occupant drive to the McDonalds in a separate car.

The two cars waited for the Caprice to exit the McDonalds, at which time the two cars followed it. The Caprice stopped at a gas station and two people got out of the vehicle to pump gas. Pratt and Carr got out of White's vehicle, and Pratt's cousin also got out of his car. They all had guns. Defendant told White, "These N[]s are going to get what they deserve." Pratt ducked down behind a car, his cousin ducked behind a van and Carr stood across the street. The Caprice exited the gas station and drove down the street. Pratt and Carr fired numerous shots at the Caprice. The Caprice crashed into a wall.

3

Pratt, Carr and Pratt's cousin all jumped into the backseat of White's car. As they drove past the Caprice, Pratt and Carr continued to fire their guns at the Caprice. Defendant yelled from White's car, "Neighborhood." The driver of the Caprice had been shot in the head and was unresponsive when officers arrived at the scene but he survived. There were two other occupants in the Caprice who ran away after the crash. Defendant did not have a gun that day and he did not shoot anyone.

On March 18, 2016, defendant entered a guilty plea to one count of attempted murder within the meaning of sections 664 and 187; to a principal armed allegation (§ 12022, subd. (b)(1)); and admitted to having suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). Defendant was sentenced to 15 years to be served in state prison.

On February 21, 2019, defendant filed the petition. On May 3, 2019, defendant was appointed counsel. The petition was heard on October 4, 2019. The trial court found that section 1170.95 did not apply to attempted murder. The petition was denied without prejudice, and defendant appealed. As stated, this court affirmed the denial of the petition in our Opinion.

## DISCUSSION

In 2018, SB 1437 was enacted to amend the felony murder rule and the natural and probable consequences doctrine "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) SB 1437 added section 189, subdivision (e), which

4

modified first degree felony murder, and provides that when "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." SB 1437 also amended section 188 to require that a principal "shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

In addition, SB 1437 added section 1170.95, which created a procedure by which a defendant who was "convicted of felony murder or murder under the natural and probable consequences theory" may "file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (Former § 1170.95, subd. (a).) Attempted murder was not expressly included as a crime that was eligible for resentencing under former section 1170.95. We relied on former section 1170.95 to conclude in our Opinion that section 1170.95 did not apply to defendant's plea of attempted murder.

After the California Supreme Court granted defendant's petition for review, the Governor signed SB 775 into law, which became effective January 1, 2022. SB 775 amended section 1170.95, subdivision (a), to include persons convicted of "attempted

5

murder under the natural and probable consequences doctrine" as eligible for resentencing. Section 1170.95, subdivision (a), now provides, in pertinent part, that a defendant convicted of attempted murder may file a petition for resentencing when he was convicted of attempted murder after he or she accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder, and he could not presently be convicted of attempted murder because of changes to sections 188 or 189 made by SB 1437.

Because defendant's appeal from the denial of his resentencing petition was not final by January 1, 2022, he is eligible to benefit from this remedial legislation. (See *People v. Vieira* (2005) 35 Cal.4th 264, 305-306; *People v. Garcia* (2018) 28 Cal.App.5th 961, 973.) The amendments to section 1170.95 under SB 775 compel the conclusion that defendant's petition is entitled to further consideration under section 1170.95. Accordingly, we reverse the trial court's order denying the petition and remand the matter to the trial court.

On remand, the trial court must determine whether defendant has stated a prima facie case for relief under section 1170.95 as to his attempted murder conviction. If the court finds a prima facie case is stated, it shall issue an order to show cause and hold a hearing "to determine whether to vacate the . . . attempted murder . . . conviction and to recall the sentence and resentence [defendant] on any remaining counts in the same manner as if [he] had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95 subd. (d)(1).)

## DISPOSITION

We reverse the trial court's order denying defendant's petition and remand the case for further hearing on the petition under SB 775.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                    J.

We concur:

RAMIREZ _____
                    P. J.

FIELDS _____
                    J.